# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# PIKEVILLE DIVISION

| | |
|---|---|
| **SCOTTY N. BELCHER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>**Defendant.** | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Metropolitan Life Insurance Company, ("MetLife" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Pike County, Kentucky, Case No. 19-CI-01296, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against MetLife invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant respectfully shows the Court as follows:

1. Plaintiff Scotty N. Belcher, instituted a civil action against MetLife in the Circuit Court of Pike County, Kentucky, on December 5, 2019. True and correct copies of the Complaint and Summons, which are all of the pleadings, process, and orders served upon MetLife in the Circuit Court action, are attached hereto collectively as Exhibit A.

2. Plaintiff's Complaint was served on CT Corporation as MetLife's agent for service of process on December 12, 2019. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by MetLife of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The United States District Court for the Eastern District of Kentucky is the federal judicial district embracing the Circuit Court of Pike County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(a) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6. In his Complaint, Plaintiff alleges that he was employed by CSX Transportation and covered under an ERISA-governed disability-insurance plan offered by the International Association of Sheet Metal, Air, Rail and Transportation Workers, and administered by MetLife. *See* Exhibit A at 3 (¶¶ 6-7), 5 (¶ 21). Based upon an alleged termination of his benefits, Plaintiff asserts a count for violations of ERISA against MetLife. *See* Exhibit A at 5 (¶¶ 25-28). Plaintiff seeks "Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA." Exhibit A at 6 ("Wherefore" paragraph).

7. Because Plaintiff expressly asserts a federal cause of action under ERISA, *see* Exhibit A at 5-6 (¶¶ 25-28, "Wherefore" paragraph), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an

action arising under federal law.

## MISCELLANEOUS

8. A copy of this Notice of Removal is being filed with the Circuit Court of Pike County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

9. Along with this Notice of Removal, MetLife will tender to the Clerk of this Court the funds necessary to secure removal.

10. This Notice of Removal is filed within thirty (30) days after receipt by MetLife of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

13. If any question arises as to the propriety of this removal, MetLife respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Metropolitan Life Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Pike County, Kentucky, be removed to this Court.

Respectfully submitted this 3rd day of January 2020.

/s/ William B. Wahlheim, Jr.
William B. Wahlheim, Jr.
Attorney for Defendant Metropolitan Life Insurance Company
[application for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this the 3rd day of January 2020.

    Elizabeth A. Thornsbury
    M. Austin Mehr
    MEHR, FAIRBANKS & PETERSON
    TRIAL LAWYERS, PLLC
    201 West Short Street, Suite 800
    Lexington, Kentucky 40507
    Telephone: 859-225-3731
    Facsimile: 859-225-3830
    elizabeth@austinmehr.com
    amehr@austinmehr.com
    *Counsel for Plaintiff*

                                        */s/ William B. Wahlheim, Jr.*
                                        OF COUNSEL