# Exhibit A
# State-Court Documents

| AOC-E-105  Sum Code: CI  Rev. 9-14 |  | Case #: **19-CI-01296** |
|---|---|---|
| Commonwealth of Kentucky  Court of Justice   Courts.ky.gov | | Court: **CIRCUIT**  County: **PIKE** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff*, **BELCHER, SCOTTY N. VS. METROPOLITAN LIFE INSURANCE COMPANY**, *Defendant*

TO:   **CT CORPORATION SYSTEM**
          **306 WEST MAIN STREET, SUITE 512**
          **FRANKFORT, KY 40601**

Memo: Related party is METROPOLITAN LIFE INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**METROPOLITAN LIFE INSURANCE COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Anna Pinson Spears*

Pike Circuit Clerk
Date: **12/5/2019**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____          Served By _____

                                              Title _____


Summons ID: 208761814808769@00000201598
CIRCUIT: 19-CI-01296 Certified Mail
BELCHER, SCOTTY N. VS. METROPOLITAN LIFE INSURANCE COMPANY

Page 1 of 1


eFiled

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

SCOTTY N. BELCHER                                           PLAINTIFF

vs.                        **COMPLAINT**

METROPOLITAN LIFE INSURANCE COMPANY          DEFENDANT

    **To be served through:**
    CT Corporation System
    306 West Main Street, Suite 512
    Frankfort, Kentucky 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Scotty N. Belcher, and for his Complaint against Defendant Metropolitan Life Insurance Company, states as follows:

1. The Plaintiff, Scotty N. Belcher, is a citizen and resident of Pike County, Kentucky.

2. Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") is an insurance company believed to be domiciled in the state of New York with its statutory home office located at 200 Park Avenue, New York, New York 10166.

3. MetLife's service of process agent is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, and can be served through the said service of process agent.

4. MetLife is authorized to do the business of insurance by holding a Kentucky Certificate of Authority.

5. Jurisdiction and venue are proper in this Court because MetLife transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Pike County, Kentucky.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of CSX Transportation employed as a Locomotive Engineer.

7. The Defendant supplied and issued a policy of insurance to the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART"), where the Plaintiff obtained coverage for long-term disability ("LTD") insurance.

8. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

9. Benefits are payable to Plaintiff under the LTD insurance policy because he is disabled, as defined in the insurance policy, from performing his past occupation as a Locomotive Engineer and any other gainful occupation.

10. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> Disabled or Disability means that, due to Sickness or as a direct result of accidental injury:
>
> You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and You are unable to earn:
>
> - during the Elimination Period more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and during the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>
> - after such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful

2

occupation for which You are reasonably qualified taking into account Your training, education and experience.

11. The Plaintiff, while working at CSX Transportation, became disabled as defined in his insurance policy on or about February 9, 2018, and remains disabled.

12. The Plaintiff was and has been unable to perform the material duties of his own occupation, and any other gainful occupation, since on or about February 9, 2018, as a result of sickness or accidental injury.

13. The Plaintiff was previously approved and received short-term disability benefits.

14. On October 10, 2018, Plaintiff was approved for disability retirement benefits by the United States of America Railroad Retirement Board, with an established railroad retirement disability onset date of February 9, 2018.

15. The Plaintiff applied for long-term disability benefits with the Defendant in a timely fashion, in the manner outlined in the insurance policy. Defendant's long-term disability claim number for Plaintiff is 621809106212.

16. On or about January 23, 2019, Defendant denied Plaintiff's LTD claim effective October 27, 2018.

17. Plaintiff submitted a timely appeal to the Defendant by letter dated July 18, 2019, requesting that the Defendant reconsider its denial of benefits.

18. By letter dated October 18, 2019, Defendant upheld the denial of Plaintiff's LTD claim.

19. The October 18, 2019 letter states that the "review constitutes MetLife's final determine on Appeal" and Plaintiff "has the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132(a)."

3

20.. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract, applicable policy, and/or by law.

21. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

22. Under the terms of the insurance policy, Plaintiff is entitled to monthly LTD benefits until the maximum benefit duration date in the policy.

23. The Plaintiff is entitled to LTD benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

## COUNT I

24. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

25. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the terms of the applicable plan and to recover benefits under the terms of the plan.

26. Defendant's decision to deny benefits, and its refusal to approve benefits after receiving additional evidence on appeal, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

27. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

28. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

4

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

/s/ *Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*
